SCD-6-033074_001_120314

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

COREY RASCHEN, an Individual,

    Plaintiff,

v.

STATE AUTO INSURANCE
COMPANIES a Foreign Corporation.

    Defendant.

DISTRICT COURT
**F I L E D**

OCT 29 2014

Case No.:

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**CJ-2014-04109**

DANA LYNN KUEHN

### PETITION

COMES NOW the Plaintiff, Corey Raschen, by and through his attorney of record, Donald E. Smolen, II, of Smolen, Smolen & Roytman, and for his cause of action against the Defendant State Auto Insurance Companies ("State Auto"), states and alleges the following:

#### Parties, Jurisdiction and Venue

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County, Oklahoma.

2. Defendant State Auto is a foreign corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

3. The acts and injuries that gave rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction, and venue is proper in Tulsa County, Oklahoma.

#### Statement of Facts

5. Paragraphs 1-5 are incorporated herein by reference.

**EXHIBIT**

tabbies

B

SCD-6-033074_001_120314

6. On or about December 1, 2011, Plaintiff was driving southbound on South Peoria Avenue in Tulsa County, Oklahoma, at which time a vehicle heading in the opposite direction entered his lane, causing Plaintiff to maneuver to avoid the collision. As a result of Plaintiff's maneuver, he lost control of his vehicle and crashed into a tree. The driver that entered Plaintiff's lane left the scene and was not identified.

7. At the time of the collision, Plaintiff was an insured under a uninsured/underinsured motorist ("UM/UIM") policy written by Defendant State Auto, Policy Number BAP 2293023.

8. Plaintiff made claims for his injuries with State Auto following the accident.

9. On May 24, 2013, Plaintiff's attorney contacted Justin Bengston, the UM/UIM adjustor for State Auto.

10. On May 30, 2013, Justin Bengston sent a reply email providing Plaintiff's attorney with his contact information.

11. Plaintiff's attorney subsequently attempted to contact adjustor Justin Bengston to send a demand for Plaintiff's UM/UIM benefits.

12. On or about November 7, 2013, Plaintiff's counsel contacted Craig Baldwin with State Auto who advised him that the claim had been assigned to Brad Jenkins but that Brad Jenkins was no longer with State Auto.

13. Craig Baldwin ultimately transferred Plaintiff's counsel to Sandra Robinson, a supervisor with State Auto.

14. Sandra Robinson provided Plaintiff's counsel with her contact information, and a demand for UM/UIM benefits was mailed to her on November 12, 2013.

SCD-6-033074_001_120314

15. Plaintiff's counsel sent a follow up letter on November 25, 2013, to confirm with Sandra Robinson that the demand was received.

16. On July 16, 2014, after not receiving a response to Plaintiff's demand for UM benefits, Plaintiff's counsel attempted to contact Sandra Robinson, only to find out from Joe Allen, a supervisor at State Auto, that Ms. Robinson no longer worked at State Auto.

17. Joe Allen advised Plaintiff's counsel that he would look into the matter and make contact with Plaintiff's counsel later that afternoon.

18. Plaintiff's counsel did not hear back from Joe Allen and had to contact Mr. Allen on July 21, 2014, at which time Joe Allen advised Plaintiff's counsel that State Auto was not in possession of Plaintiff's demand nor was it in possession of the November 25, 2013, letter sent to State Auto and that a new adjustor Mike Sharkey had been assigned to the case.

19. Plaintiff has been bounced around from adjustor to adjustor for more than eight (8) months.  State Auto has not tendered his UM/UIM benefits, despite having been notified of the accident and having been provided all relevant medical bills and records evidencing Plaintiff's damages from the December 1, 2011, accident, causing Plaintiff to be denied the benefits he is entitled to under his State Auto insurance policy.

## Cause of Action

### I. Breach of Contract

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff, through operation of Oklahoma law, had a policy of UM/UIM coverage with Defendant State Auto at the time of his accident.

22. Plaintiff was forced to maneuver his vehicle in such a way to avoid colliding with an automobile that had abruptly entered his lane, causing Plaintiff to lose control of his vehicle and to strike a tree, as such the individual who caused the accident was not identified, causing the Plaintiff to be uninsured for the damages he sustained.

23. Pursuant to the insurance policy with Defendant State Auto, the UM/UIM coverage applies to the factual situation described herein.

24. Plaintiff has performed all conditions precedent under said policy.

25. Plaintiff has requested State Auto to tender payment under said policy, but State Auto has failed to tender payment pursuant to said policy.

26. State Auto has breached its contract of insurance and has wholly refused and/or unreasonably neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to judgment against Defendant State Auto for the personal injuries Plaintiff has suffered caused by the December 1, 2011, collision.

## II. Breach of the Duty of Good Faith and Fair Dealing

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff, through operation of Oklahoma law, had a policy of UM/UIM coverage with Defendant State Auto at the time of the subject accident.

29. Plaintiff has requested Defendant State Auto to tender benefits pursuant to said policy.

4

30. As of the date of filing of this Petition, Defendant State Auto has yet to tender any UM/UIM benefits owed to Plaintiff.

31. Defendant State Auto owes Plaintiff a duty to deal fairly and in good faith with his counsel and him in the handling of his UM/UIM claim.

32. In its handling of Plaintiff's UM/UIM insurance claim, Defendant State Auto breached its duty to deal fairly and in good faith with Plaintiff in the following respects:

    a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at a time when Defendant knew Plaintiff was entitled to those benefits;

    b. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

    c. Unreasonably delaying payment of benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

    d. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    e. Shifting the burden of investigating Plaintiff's claim onto Plaintiff and his attorney;

    f. Intentionally and recklessly misapplying provisions of the insurance policy;

    g. Treating Plaintiff as an adversary;

h.  Treating Plaintiff as an insurance company and, thus, treating Plaintiff as a third-party insured to whom no duty of good faith and fair dealing is owed;

i.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant State Auto by not paying an amount owed under the insurance contract;

j.  Failing to properly investigate the Plaintiff's claim for benefits;

k.  Failing to properly evaluate the Plaintiff's claim for benefits;

l.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under UM/UIM insurance policies, including Plaintiff's claim; and

m.  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

33. As a direct result of Defendant State Auto's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

34. Defendant State Auto has acted intentionally, maliciously and in reckless disregard of the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages against Defendant State Auto for its wrongful actions.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of $75,000.00, with

6

SCD-6-033074_001_120314

interest accruing from the date of filing this suit, punitive damages and all other relief

deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II, OBA #19944
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
*Attorney for Plaintiff*